Death Opinion









 

 



 

IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,896






EX PARTE SHELTON DENORIA JONES, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 596207-B IN THE 248TH DISTRICT COURT

HARRIS COUNTY




 Price, J., filed a dissenting opinion in which Holcomb, J., joined.


DISSENTING OPINION


 I join Judge Holcomb's dissenting opinion. I would add only two observations.

 First, the Court acknowledges that among the types of mitigating evidence that the
Supreme Court has identified as not being fully encompassed by the former special issues is
domination by another. (1) That would seem to be the gist of the applicant's proffered expert
testimony with respect to his so-called "empty vessel personality." The applicant is not
subject to domination by another so much as he is subject to domination by almost anyone,
for good or for ill. Even so, the Court asserts that "[o]f all the sorts of evidence that have
been noted by the Supreme Court as relevant mitigating evidence, only two circumstances,
youth and positive personal characteristics, are present in this case, and those are the sorts
of evidence that the Supreme Court has held are within the scope of the former special
issues." (2) As Judge Holcomb demonstrates, the applicant's evidence of empty vessel
personality would seem to have a double-edged relevance, providing a basis upon which a
jury could reasonably find that the applicant is less morally culpable than some, while at the
same time militating in favor of a finding that he would constitute a continuing threat to
society (including prison society). The applicant's jury, however, was equipped to give the
evidence only the latter significance. I do not understand how the Court can so readily
discount the transcendent mitigating significance of this evidence. It seems to me that there
is "present in this case" a non-trivial category of mitigating evidence that the Supreme Court
has identified as not adequately embraced within the former special issues.

 Second, I believe that the applicant has preserved the issue of the adequacy of the
former special issues to provide his jury with a vehicle to give full effect to his mitigating
evidence. Moreover, the trial court erred in submitting the inadequate "nullification"
instruction. For reasons explained in Judge Holcomb's dissent, I would hold that the record
demonstrates at least "some" harm deriving from this error under Almanza v. State. (3) Because
the Court does not, I dissent.


Filed: June 10, 2009

Do Not Publish










1. Majority opinion, at 9.
2. Id. at 13.
3. 686 S.W.2d 157 (Tex. Crim. App. 1985) (opinion on State's motion for rehearing).